UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARMAINE VARONA, on behalf of herself,
individually, and on behalf of all others
similarly-situated,

Plaintiff,

-against-

NEW AGE LOUNGE, INC., and HEADQUARTERS
NEW YORK, LLC, and SILK CORP. d/b/a
HEADQUARTERS, and JIMMY KIM, individually, and
ROGER MAROLDA, individually, and NERIM
GJONBALAJ, individually,

Defendants.

**COMPLAINT**

**Docket No.:**    24-cv-4020

Jury Trial Demanded

CHARMAINE VARONA ("Plaintiff"), on behalf of herself, individually, and on behalf of

all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these

terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C.,

as and for her Complaint against NEW AGE LOUNGE, INC., and HEADQUARTERS NEW

YORK, LLC, and SILK CORP. d/b/A HEADQUARTERS (all three, together, as "HQ"), and

JIMMY KIM, individually, and ROGER MAROLDA, individually, and NERIM GJONBALAJ,

individually, (collectively, with HQ, as "Defendants"), alleges upon knowledge as to herself and

her own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF THE CASE**

1.      This is a civil action for damages and other redress based upon violations that

Defendants committed of Plaintiff's rights guaranteed to her by: (i) the tip pooling and tip retention

provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203; (ii) the tip pooling and tip

retention provisions of the New York Labor Law ("NYLL"), NYLL § 196-d, and the N.Y. Comp.

Codes R. & Regs. ("NYCRR"), tit. 12, § 146-2.18; (iii) New York common law, based on Defendants' conversion of Plaintiff's gratuities; (iv) the NYLL's prohibition against making unlawful deductions from an employee's wages, both directly and by separate transaction, NYLL § 193; (v) the NYLL's requirement that employers pay all earned wages to their manual worker employees not less frequently than on a weekly basis, NYLL § 191(1)(a); (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); (vii) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); (viii) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (ix) an anti-retaliation provision of the NYLL, NYLL § 215(1); and (x) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - three legally distinct entities that together operate as a single enterprise to run an adult entertainment lounge located at 550-552 West 38th Street in Manhattan ("the Lounge"), as well as three of the enterprise's owners and day-to-day overseers - - as a dancer from early-December 2021 to September 2023.  As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the full amount of tips owed to her, and instead retained, and/or distributed to Defendants' managerial employees who were otherwise ineligible to receive tips, up to fifty percent of Plaintiff's tips, in addition to the ten percent of Plaintiff's tips that Defendants always retained for themselves for alleged "operating costs," all in violation of the FLSA and the NYLL, which further constitutes conversion under New York common law.

3.      Moreover, in further violation of the NYLL, Defendants unlawfully deducted money from Plaintiff's wages under the guise of various "expenses," required that Plaintiff pay Defendants to work at their establishment, a kick-back scheme that constitutes an unlawful deduction by way of

separate transaction, and further failed to pay Plaintiff, who was a manual worker, all of her earned wages on at least as frequently as a weekly basis, generally paying her bi-weekly instead.

4.    Defendants additionally violated the NYLL by failing to furnish Plaintiff with any wage notice at her time or hire or with any wage statement on each payday, let alone an accurate notice or statements.

5.    Defendants have paid and treated all of their employees who work as dancers in this same manner.

6.    Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings her claims under the NYLL, the NYCRR, and New York common law on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

7.    Plaintiff also brings this lawsuit against Defendants as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable statutory period who worked for Defendants in New York and who suffered damages as a result of Defendants' violations of the NYLL, the supporting New York State Department of Labor regulations, and/or New York common law.

8.    Making matters worse, after Plaintiff complained to Defendants about their failure to pay her all of her earned tips, Defendants retaliated by terminating Plaintiff's employment. Accordingly, on an individual basis only, Plaintiff brings retaliation claims under the FLSA and the NYLL.

## JURISDICTION AND VENUE

9.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action

arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

11.    At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

12.    At all relevant times herein, Defendant New Age Lounge, Inc. was and is a New York corporation with its principal place of business located at the Lounge at 550-552 West 38th Street, New York, New York 11018, and which is registered with the New York State Department of State to receive service of process at that same address.

13.    At all relevant times herein, Defendant Headquarters New York, LLC was and is a New York limited liability company with its principal place of business also located at the Lounge at 550-552 West 38th Street, New York, New York 11018, and which is registered with the New York State Department of State to receive service of process at that same address.

14.    At all relevant times herein, Defendant Silk Corp. was and is a New York corporation with its principal place of business also located at the Lounge at 550-552 West 38th Street, New York, New York 11018, and which is registered with the New York State Department of State to receive service of process at that same address.

15.    At all relevant times herein, HQ, while consisting of at least the three separate New York entities detailed herein, operates as a single business enterprise in that all three entities are together engaged in the activity of operating the adult cocktail lounge located at 550-552 West 38th Street, New York, New York 11018, with centralized control of the business and labor operations located at the same address. HQ employs common management to set employees' hours, pay, and

4

tip distribution policies, and there is common ownership and financial control with respect to business revenue, the purchasing of supplies, and setting and paying employees their wages.

16.     To that end, at all relevant times herein, Defendants Marolda and Gjonbalaj were and are the owners of HQ, who, together with Defendant Kim, acted as its day-to-day overseers, as all three personally managed and oversaw, and continue to manage and oversee, the day-to-day operations of the enterprise, and who all were and are ultimately responsible for all matters with respect to hiring employees, terminating employees, determining employees' rates and methods of pay, determining the distribution of, and required participation in, the mandatory tip distribution scheme, determining the "operating costs" that they required employees to pay back to them, determining employees' work schedules, and maintaining employees' employment records, including those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.  Indeed, Defendant Gjonbalaj personally hired Plaintiff, and together with Defendants Kim and Marolda, oversaw Plaintiff's work on a day-to-day basis and set Plaintiff's hours and wages, before Defendant Kim personally terminated Plaintiff's employment.

17.     At all relevant times herein, all Defendants were "employers" within the meaning of the FLSA and the NYLL.  Additionally, at all times relevant to the FLSA, HQ's qualifying annual business has exceeded $500,000.00.  Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees, and operate a business that purchases and sells products that have moved across state lines, such as liquor. Defendants also accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that naturally moves across state lines.  The combination of all of these factors subjects Defendants to the FLSA's tip pooling and tip retention and anti-retaliation requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiff seeks to bring this suit to recover from Defendants unpaid tips and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as dancers, or in a similar position, and who consent to file a claim to recover unpaid tips and liquidated damages that are legally due to them ("FLSA Plaintiffs").

19.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to participate in Defendants' tip scheme; and (5) were not paid all of their tips and/or had a portion of their tips unlawfully distributed to those who were legally ineligible to participate in a tip pool.

20.     At all relevant times herein, Defendants were aware of the requirement to distribute all tips either to their tipped employees or to only non-managerial, front-of-the-house employees, including Plaintiff and all FLSA Plaintiffs, yet they purposefully and willfully chose and continue to choose not to do so.  Indeed, during her employment, Plaintiff complained about the illegal nature of Defendants' withholding tips to Defendants Kim, Marolda, and Gjonbalaj, yet Defendants continued to withhold tips and/or distribute them to managerial employees.

21.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay the full amount of tips owed to them, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

22.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, individually, as well as on behalf of all those who are similarly-situated

whom Defendants have subjected to violations of the NYLL and New York common law during the applicable statutory period.

23.    Under FRCP 23(b)(3), a plaintiff must plead that:

    a.    The class is so numerous that joinder is impracticable;

    b.    There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.    Claims or defenses of the representative are typical of the class;

    d.    The representative will fairly and adequately protect the class; and

    e.    A class action is superior to other methods of adjudication.

24.    Plaintiff seeks certification of the following FRCP 23 class:

> Current and former employees, who during the applicable limitations period, performed any work for Defendants in New York as dancers ("Rule 23 Plaintiffs").

<u>Numerosity</u>

25.    During all applicable times, Defendants have employed, in total, at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

26.    There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to participate in Defendants' tip scheme; (3) whether Defendants distributed tips to employees who are not legally eligible to participate in tip sharing and/or withheld portions of tips from Rule 23 Plaintiffs and retained that money for their own use; (4) whether Defendants' conduct in withholding portions of tips from Rule 23 Plaintiffs was malicious; (5) whether Defendants made

7

unlawful deductions from Rule 23 Plaintiffs' wages either directly or by charging them fees to perform work; (6) whether Defendants paid Rule 23 Plaintiffs all of their earned wages on at least as frequently as a weekly basis; (7) whether Defendants furnished and furnish Rule 23 Plaintiffs with a wage notice at hire or with a wage statement on each payday that accurately contains the information that NYLL §§ 195(1) and 195(3) respectively require; (8) whether Defendants have kept and maintained records with respect to each hour that the Rule 23 Plaintiff have worked; (9) whether Defendants have kept and maintained records with respect to the compensation that they have paid to Rule 23 Plaintiffs; (10) whether Defendants maintain any affirmative defenses with respect to Rule 23 Plaintiffs' claims; (11) whether Defendants' actions with respect to Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations and/or New York common law; and (12) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

27.    As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as dancers at the Lounge.  Plaintiff's claims are typical of the claims of Rule 23 Plaintiffs whom she seeks to represent, as Plaintiff and Rule 23 Plaintiffs work and/or have worked for Defendants in New York as dancers, yet Defendants have unlawfully withheld and misappropriated their tips by either by distributing them to employees not eligible to participate in tip sharing and/or keeping a portion for themselves, thus unlawfully converting the tips and using them for Defendants' own purposes, and have taken unlawful deductions from their wages by simply withholding a portion of their wages or by requiring that they pay fees to Defendants to work, and have routinely failed to pay them all of their wages on at least as frequently as a weekly basis, while also failing to provide them with an accurate wage notice at the time of hire or an accurate wage statement on each payday.  Plaintiff and Rule 23 Plaintiffs enjoy the same rights under the New York law to be paid all of their wages and tips, on at least as frequently as a weekly

basis, and to be furnished with an accurate wage notice at hire and an accurate wage statement on each payday. Plaintiff and Rule 23 Plaintiffs have all sustained similar damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations, as well as New York common law. Plaintiff and Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

28.    Plaintiff, as described below, worked the same or similar hours and performed the same or similar duties as Rule 23 Plaintiffs throughout her employment with Defendants. Defendants did not pay Plaintiff the full amount of tips to which she was entitled throughout her employment, made unlawful deductions from her wages both directly and by separate transaction, failed to pay Plaintiff all of her wages on at least as frequently as a weekly basis, and did not furnish her with an accurate wage notice at her time of her or with an accurate statement on each payday, which is substantially similar to how Defendants have paid and treated Rule 23 Plaintiffs. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to her. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

29.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

30.    Plaintiff has no, or very few, material facts relating to Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants have treated Plaintiff identically, or at the very least, substantially similarly, to Rule 23 Plaintiffs.

31.    Any lawsuit brought by any employee of Defendants who worked for them as a dancer in New York for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

32.    Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

33.    HQ is a single integrated enterprise comprised of at least the three legally distinct entities named as Defendants herein that together operate the Lounge, an adult nightclub that hosts events, serves beverages, and offers private dances to its patrons.

34.    As described above, Defendants Marolda and Gjonbalaj were and are the owners of HQ who, along with Defendant Kim, oversee and run HQ, and thus the Lounge, on a day-to-basis.

35.    At all times throughout Plaintiff's employment, Defendants employed individuals who worked under the title of house mom, host, and auditor, all of which were managerial roles, as each position involved the ability to discipline subordinate employees, such as dancers, including recommending that these employees be hired or fired, assisting in their performance evaluations, and having influence over the creation of their work schedules, pay rates, and the amount of tips that they received.

36.    Plaintiff worked for Defendants as a dancer from early-December 2021 until September 2023, at the Lounge.

37.    In that role, as its name implies, Plaintiff was primarily responsible for dancing for the Lounge's patrons.

38.    Significantly more than twenty-five percent of Plaintiff's work was spent dancing, which is a manually laborious task.

39.    At all times throughout Plaintiff's employment, Defendants placed strict rules on

Plaintiff's conduct while working at the Lounge, including, but not limited to, where she could consume food, a prohibition on chewing gum, adhering to Defendants' required dress code, her work shifts and hours, tipping, and general behavior, all of which were enforced by Defendants' managerial employees. By way of example, Defendants prohibited Plaintiff from soliciting or accepting cash tips, required that Plaintiff arrive for work on her scheduled days by no later than 10:00 p.m. under penalty of not being allowed to work that day if late, prohibited Plaintiff from ending her shift earlier than 4:00 a.m. without permission, prohibited Plaintiff from ending her shift more than one hour early at all, and required that she wear either short dresses or lingerie at all times while in the main area of the Lounge. Additionally, Defendants imposed certain rules on Plaintiff's conduct while she was not working at the Lounge, such as prohibiting her from working for any of Defendants' competitors.

40.    At all times herein, Defendants had total control over the number of customers and which specific customers were allowed to enter the Lounge, as well as which rooms were available for private dances. Thus, because Defendants paid their dancers, including Plaintiff, based on the number of dances that they performed for customers, Defendants had control over the amount of money that each dancer could potentially make.

41.    Throughout Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did work, four days per week, generally from Tuesday night through Saturday morning, but sometimes from Monday night through Friday morning, from approximately 9:00 p.m. to 4:00 a.m., for a total of twenty-eight hours per week.

42.    At all times throughout Plaintiff's employment, Defendants had a practice of charging their customers at the Lounge various hourly amounts for private dances with Defendants' dancers, starting at approximately $480.00 per hour, for which Defendants accepted payment by credit card. At the conclusion of a customer's dance, the customer could then leave a tip by credit card for the

dancer who rendered the service.  Defendants' practice was and is to only allow customers to leave such a tip by credit card, which would then be tracked and tallied by Defendants' managerial employees.  After the customer left, Defendants' managerial staff, generally Defendant Kim, or a host, would then provide the individual dancer with fake paper money ("monopoly money") for what Defendants determined to be the value of dancer's services, which Defendants claimed was the value of the hourly amounts for the dance and the customer's tip.  However, in practice, Defendants generally retained for their own use at least fifty percent, and often more, of any tip left by the customer for the dancer's services, by either personally withholding, or allowing the hosts to withhold and retain the portions of the tips.  In sum, throughout Plaintiff's employment, Defendant Kim improperly retained approximately $250.00 to $1,500.00 each week in tips left for Plaintiff, dependent on the number of dances Plaintiff performed.

43.    At all times throughout Plaintiff's employment, Defendants paid their dancers by having them bring their earned monopoly money to Defendants' auditors to exchange for a check, generally issued by Defendant New Age Lounge, Inc.  But before rendering any such check, Defendants would deduct ten percent of the total value of the monopoly money for unspecified "operating costs."

44.    At all times throughout Plaintiff's employment, Defendants also made unlawful deductions from their dancers by requiring that they pay "expenses" to Defendants each workday upon entering the Lounge.  That is, in order to be allowed to work on any given day, Defendants required that their dancers pay $40.00 to Defendants' house mom, and $40.00 to Defendants' DJ, either in cash, or with the equivalent amount of monopoly money.

45.    Moreover, while Defendants did not have a set schedule for dancers to exchange their monopoly money with Defendants' auditor, Defendants forbid their dancers from exchanging their monopoly money more than once per week, and informed their dancers that if they failed to exchange

their monopoly by the end of each month, Defendants would render their monopoly money void and not pay them at all.  Thus, if a dancer failed to exchange monopoly money within the same month that it was provided by Defendants, the dancer would not be paid at all.

46.     Throughout Plaintiff's employment, while not consistent due to Defendants' aforementioned practices, Defendants generally paid Plaintiff on a bi-weekly basis, by check.

47.     Defendants' failure to ensure that they paid Plaintiff at least as frequently as weekly deprived Plaintiff of the ability to timely access her money at least half of the time during her employment.

48.     By way of example only, for the two-week period of August 4 through August 17, 2023, Defendants required Plaintiff to work, and Plaintiff did work, a total of fifty-six hours, according to the following schedule:

> Friday, August 4, 2023: 9:00 p.m. to 4:00 a.m.;
>
> Saturday, August 5, 2023: off;
>
> Sunday, August 6, 2023: off;
>
> Monday, August 7, 2023: off;
>
> Tuesday, August 8, 2023: 9:00 p.m. to 4:00 a.m.;
>
> Wednesday, August 9, 2023: 9:00 p.m. to 4:00 a.m.;
>
> Thursday, August 10, 2023: 9:00 p.m. to 4:00 a.m.;
>
> Friday, August 11, 2023: 9:00 p.m. to 4:00 a.m.;
>
> Saturday, August 12, 2023: off;
>
> Sunday, August 13, 2023: off;
>
> Monday, August 14, 2023: off;
>
> Tuesday, August 15, 2023: 9:00 p.m. to 4:00 a.m.;
>
> Wednesday, August 16, 2023: 9:00 p.m. to 4:00 a.m.; and

Thursday, August 3, 2023: 9:00 p.m. to 4:00 a.m.

In exchange for her fifty-six hours of work during those two weeks, Defendants issued Plaintiff a check for $1,944.00 on August 3, 2023, from which they withheld approximately $250.00 of Plaintiff's tips, as well as deducted Defendants' ten percent fee for "operating costs," which was approximately $233.78. Additionally, during those two weeks, Defendants required Plaintiff to pay them $80.00 per work day in "expenses," and thus, deducted a cumulative $320.00 from her wages. Thus, in total, Defendants wrongfully withheld $803.78 from Plaintiff.

49.    Additionally, Defendants did not provide Plaintiff with any wage notice at the time of her hire, let alone a notice that accurately listed, *inter alia*: Plaintiff's rates of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.

50.    On each occasion when Defendants paid Plaintiff throughout her employment, Defendants failed to furnish Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, her actual hours worked or her hourly rate of pay.

51.    Defendants' failure to provide with Plaintiff with a wage notice at her time of hire or with a wage statement on each payday deprived Plaintiff of the ability to know, in a timely manner, exactly how much compensation she was entitled to receive and/or who the legal entity or entities to sue for this compensation would be, and has resulted in the underpayment of wages as asserted herein.

52.    Defendants have treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

53.    Defendants acted in the manner described herein to maximize their profits and

14

minimize their labor costs and overhead.

54.    Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendants' benefit.

55.    In late-August 2023, Plaintiff complained to Defendant Marolda that they were not paying her all of her earned tips.  Within approximately two weeks, in early-September, 2023, Defendants retaliated by terminating Plaintiff's employment without providing any reason.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Distribute Tips in Violation of the FLSA*

56.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57.    29 U.S.C. § 203 prohibits an employer from keeping tips received by its employees for any purpose, including by allowing managers, supervisors, or any employee who does not regularly receive tips to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

58.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees eligible to receive tips within the meaning of the FLSA.

59.    As also described above, Defendants did not distribute all tips left by patrons of their establishment to Plaintiff and FLSA Plaintiffs as required by law and/or distributed portions of their tips to their managerial employees.

60.    Defendants willfully violated the FLSA.

61.    Plaintiff and FLSA Plaintiffs are entitled to compensation for all tips that Defendants unlawfully withheld from them during each week of their employment, in violation of the FLSA.

62.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's tip pooling and tip retention provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Distribute Tips in Violation of the NYLL and the NYCRR*

63.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64.     NYLL § 196-d and 12 NYCRR § 146-2.18 prohibit an employer from accepting, retaining, or providing any tip or portion of a tip to individuals other than service employees or food service workers.

65.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees eligible to receive tips within the meaning of the NYLL and the NYCRR.

66.     As also described above, Defendants did not distribute all tips left by patrons of their establishment to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action as required by law and/or distributed portions of their tips to their managerial employees.

67.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to compensation for all tips that Defendants unlawfully withheld from them during each week of their employment, in violation of the NYLL and the NYCRR.

68.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violation of the NYLL and the NYCRR's tip pooling and tip retention provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Conversion in Violation of New York Common Law*

69.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70.     The New York common law tort of conversion prohibits an individual or entity from intentionally, and without consent, taking control over the money or property of another, or otherwise obstructing an individual's ability to possess her/his money or property.

71.     As described above, Defendants withheld and otherwise did not distribute all tips left by patrons of their establishments to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, and thus interfered with their use of such money in violation of the law.

72.     Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action for all tips that their patrons left to them that Defendants retained for their own use.

73.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to punitive damages as a result of Defendants' conversion of their money.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unlawful Deductions under the NYLL*

74.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.     NYLL § 193(2) requires that no employer shall make any charge against wages or require an employee to make any payment by separate transaction.

76.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

77.     As also described above, Defendants made unlawful deductions from the wages of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action both directly and by separate transaction.

78.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to compensation for the amount of money that Defendants deducted from their wages throughout their employment, in violation of the NYLL.

79.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to recover liquidated damages and interest for Defendants' violations of the NYLL's unlawful deduction provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Wages on a Timely Basis in Violation of the NYLL*

80.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

81.     NYLL § 191(1)(a) requires that employers pay their manual worker employees all of their earned wages on at least as frequently as a weekly basis.

82.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are manual worker employees within the meaning of the NYLL.

83.     As also described above, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action all of their earned wages on at least as frequently as a weekly basis.

84.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to liquidated damages associated with any missed or late payment, interest, and attorneys'

fees for Defendants' violations of the NYLL's requirement to pay all earned wages to manual worker employees on at least as frequently as a weekly basis.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish an Accurate Wage Notice in Violation of the NYLL*

85.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86.     NYLL § 195(1) requires that employers furnish employees with a wage notice containing accurate, specifically enumerated criteria at the time of hire.

87.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

88.     As also described above, Defendants, at the time of hire, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage notice, let alone one that accurately contained all of the criteria that the NYLL requires.

89.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

90.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

91.     NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

92.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

93.     As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage statement, let alone one that accurately contained the criteria that the NYLL requires.

94.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Retaliation in Violation of the FLSA*

95.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

96.     29 U.S.C. § 215(a)(3) prohibits an employer from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

97.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff was an employee within the meaning of the FLSA.

98.     As also described above, after Plaintiff engaged in activity protected under the FLSA, Defendants retaliated by terminating Plaintiff's employment.

99.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, for which she is entitled to an award of monetary damages and other relief.

100.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, depression, humiliation, stress, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

101.    Plaintiff is also entitled to punitive damages, liquidated damages, and attorneys' fees for Defendants' violations of the FLSA's anti-retaliation provisions.

## NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Retaliation in Violation of the NYLL*

102.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

103.    Section 215(1) of the NYLL prohibits employers from retaliating against an employee because an employee has made a complaint to her or her employer that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision under or related to the NYLL.

104.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

105.    As also described above, after Plaintiff engaged in activity protected under the NYLL, Defendants retaliated by terminating Plaintiff's employment.

106.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, for which she is entitled to an award of monetary damages and other relief.

107.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, depression, humiliation, stress, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

108.    Plaintiff is also entitled to punitive damages, liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's anti-retaliation provisions.

109.    Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is serving a Notice of Claim on the Office of the New York State Attorney General, thereby advising the aforementioned of her claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

110.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the

FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

     e.  Certification of the claims brought in this case under New York law as a class action pursuant to FRCP 23;

     f.  Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and/or gratuities and any short fall between wages and/or gratuities paid and those due under the law that Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

     g.  Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

     h.  Granting an award of punitive damages commensurate with Defendants' ability to pay in connection with Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs' common law conversion and retaliation claims;

     i.  Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

     j.  Granting an award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages in connection with her retaliation claims, whether legal or equitable in nature, including back pay, front pay, and any other damages for lost compensation or employee benefits that she would have received but for Defendants' unlawful conduct;

k.  Granting an award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish in connection with her retaliation claims;

l.  Granting an award of damages to be determined at trial to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment in connection with her retaliation claims;

m.  Designation of Plaintiff and her counsel as collective and class action representatives under the FLSA and the FRCP, respectively;

n.  Awarding pre-judgment and post-judgment interest, as provided by law; and

o.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       May 24, 2024

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By:  _____
     ANDREW C. WEISS (5560537)
     ALEXANDER T. COLEMAN (AC 1717)
     MICHAEL J. BORRELLI (MB 8533)